**Maximo Wilson VICENTE–SARAT, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74734.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 23, 2007.

Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Amos Lawrence, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Maximo Wilson Vicente–Sarat, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Ali v. Ashcroft,* 394 F.3d 780, 784

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(9th Cir.2005), we grant the petition for review and remand.

■ Substantial evidence does not support the BIA's finding that Vicente–Sarat failed to establish past persecution. We conclude that the repeated beatings, sleep deprivation, water submersion and forced ingestion of animal blood rose to the level of past persecution. *See Duarte de Guinac v. INS,* 179 F.3d 1156, 1162 (9th Cir. 1999). Additionally, a nexus was established between the beatings and a protected ground because the harms were coupled with statements that Vicente–Sarat and his uncle were guerrilla sympathizers. *See id.* at 1161.

■ Because Vicente–Sarat suffered past persecution, he is entitled to the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1)(ii). In analyzing whether Vicente–Sarat has a well-founded fear of future persecution, the BIA failed to apply the proper presumption and failed to consider expert testimony regarding localized violence against perceived political subversives. *See Duarte de Guinac,* 179 F.3d at 1163. This approach was in error.

We grant the petition on the asylum and withholding of removal claims and remand for further proceedings consistent with this opinion. *See INS v. Ventura,* 537 U.S. 12, 17–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

■ Vicente–Sarat waives his claim for CAT relief by failing to raise it in his opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

PETITION FOR REVIEW GRANTED and REMANDED.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.